UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,

      Plaintiff,

v.                                          Case No. 8:24-cv-1398-WFJ-NHA

BENZER OH 7 LLC, et al,

      Defendants.
_____/

## ORDER

I grant Plaintiff McKesson Corporation's motion for entry of Clerk's default against Defendant Benzer Pharmacy Holding, LLC (Doc. 41).

### Factual Background

Plaintiff McKesson Corporation is a Delaware corporation with its principal place of business in Texas that sells prescription drugs to pharmacy stores. Compl., (Doc. 1), ¶¶ 4, 13. Defendant Benzer OH 7, LLC is an Ohio Limited Liability Company that operates pharmacies and sells prescription drugs to individual customers. *Id.* ¶¶ 5, 10–11.

Plaintiff alleges that, in January 2019, Benzer OH 7 executed a promissory note, obligating it to pay to McKesson the principal sum of $298,960, in monthly installments over the next eighty-three months. Promissory Note, Doc. 1-3. Additionally, Defendants Benzer Pharmacy

Holding, LLC, a Florida corporation, Hema Patel, Alpesh Patel, and Manish Patel all signed individual guaranty agreements, agreeing to pay McKesson in the event Benzer 7 failed to meet its payment obligations. Hema Patel Guaranty, Doc. 1-2; Benzer Pharmacy Guaranty, Doc. 1-6; Alpesh Patel and Manish Patel Guaranty, Doc. 1-7.

McKesson alleges that Benzer OH 7 failed to make the payment due on December 1, 2023, as well as the payments due thereafter. Compl., (Doc. 1), ¶ 21. On February 22, 2024, McKesson demanded that Benzer OH 7 and the Defendant guarantors pay the past due amount. *Id.* ¶ 22. Defendants all failed to do so, and McKesson then demanded that the principal be paid in full. *Id.*, ¶¶ 23–24. To date, all Defendants have failed to pay the amounts due pursuant to the Note and Guaranties. *Id.* ¶¶ 25, 38, 52, 64, 77. On August 8, 2024, Benzer Pharmacy Holding was administratively dissolved. Doc. 40, ¶ 13.

McKesson now sues Benzer OH 7 for failing to make payments on the promissory note to Plaintiff. Compl., (Doc. 1), ¶¶ 18–25. Additionally, McKesson sues Benzer Pharmacy Holding, Alpesh Patel, Manish Patel, and Hema Patel for breach of each's guaranty agreement. *Id.* at Counts II, III, IV, and V.

McKesson alleges that, on June 14, 2024, a process server attempted to serve Benzer Pharmacy Holding's registered agent, Kacey Whitlock, at the address listed with the Secretary of State. Doc 39. The return of service

indicates that the process server was informed by someone named "Alex," whose position with Benzer Pharmacy Holding and last name are unknown, that "Benzer Pharmacy Holding LLC no longer had a registered agent, and that no registered agent was available at that time to accept service of process." *Id.*

McKesson claimed that on September 26, 2024, it effected service on Benzer Pharmacy Holding by serving the Secretary of State through its online submission portal. Doc. 40 ¶¶ 17, 18. Then, on October 1, 2024, McKesson sent, via registered mail, a copy of the process documents along with the substitute service confirmation to Benzer Pharmacy Holding at its address listed with the Secretary of State. *Id.*, ¶ 19. The service was delivered on October 4, 2024. *Id.*

McKesson moved for entry of Clerk's default against Benzer Pharmacy Holding on October 29, 2024. Doc. 34. The Court denied the motion without prejudice, finding insufficient information to determine whether Plaintiff had exercised due diligence in attempting to serve Benzer Pharmacy Holding, and gave McKesson until December 15, 2024, to refile its motion. Doc. 35. McKesson renewed its motion on December 12, 2024. Doc. 41. The Court held a hearing on the motion on December 18, 2024. Docs. 42, 43.

At the hearing, the Court sought to learn what steps Plaintiff had taken to serve Benzer Pharmacy Holding, after its initial failed attempt to serve Kacey Whitlock. Plaintiff explained that Benzer Pharmacy Holding had no

3

other officers or members listed on its latest filing with the Secretary of State, so McKesson made additional efforts to find Kacey Whitlock, a person for whom Plaintiff had no personal identifying information (such as gender, middle name, phone number, or other descriptors). Doc. 40, ¶¶ 11, 12. As McKesson's counsel detailed, she searched Florida Secretary of State, Division of Corporations records for references to Kacey Whitlock, but found no other addresses for Whitlock. *See* Doc. 43. She also searched Accurint and social media sites, including LinkedIn, for Kacey Whitlock, but, in the only instance when she found a person named Kacey Whitlock who seemed associated with Benzer Pharmacy Holding, no additional identifying or contact information was provided. *See id.* Plaintiff also noted that she had informed former members of Defendant's company about the lawsuit.

## Legal Background

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is

4

insufficient, the court has no power to render judgment.*" In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida. And, Section 48.101 of the Florida Statutes governs service of process on dissolved LLCs in Florida, and provides that "[p]rocess against any dissolved domestic limited liability company must be served in accordance with [section] 48.062." Fla. Stat. § 48.101(3)(a). Thus, the procedure for service of process on dissolved LLCs is the same as that for service of process on active LLCs.

Section 48.062 sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. *See* Fla. Stat. §

5

48.062. Then, if "the only person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, is also the registered agent," "the service of process may be served as provided in [Section] 48.161 on the Secretary of State as an agent of the domestic limited liability company." *Id.*

In turn, Section 48.161 explains that service on the Secretary of State is made "by sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission." Fla Stat. § 48.161(1).

For service on the Secretary of State to be effective on a party who has concealed its whereabouts, (a) the court must have jurisdiction over the party, and (b) the party effectuating service must have first exercised "due diligence to locate and effectuate personal service." Fla Stat. § 48.161(3). The party effectuating service is considered to have used due diligence if that party:

(a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

(b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

6

> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(4).

After effecting substitute service on a party who has concealed its whereabouts, the serving party must send to the defendant's last known physical address, by registered mail, certified mail with return receipt requested, or by use of a package delivery company, the notice of service and a copy of the process. Fla. Stat. § 48.161(2).

Finally, the plaintiff must file, within 40 days of effecting service, an affidavit of compliance that "set[s] forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section." *Id.*

## Analysis

This Court has personal jurisdiction over Benzer Pharmacy Holding because it operates a business in Florida. *See* § 48.193(1)(a), Fla. Stat. Because Benzer Pharmacy Holding is a dissolved LLC, Section 48.101 of the Florida Statutes governs service of process and directs McKesson to use the procedures for service in 48.062. Fla. Stat. § 48.101(3)(a).

Pursuant to Section 48.062, McKesson first attempted service on Benzer Pharmacy Holding's registered agent. Doc 39. After it learned that no registered agent was available, and the company failed to maintain one, McKesson made additional efforts to locate the company's former registered agent, but was unsuccessful. Doc. 40, ¶¶ 11, 12; *see also* Doc. 43. As the registered agent was the only person listed publicly on Benzer Pharmacy Holding's latest annual report, McKesson was then allowed to effect service on the Secretary of State.

Plaintiff then served Benzer Pharmacy Holding via the Secretary of State by electronically transmitting to the Secretary of State the summons and Complaint. Doc. 40, ¶ 17. The Secretary of State accepted the service on September 26, 2024. *Id.*, ¶ 18. McKesson then sent the notice of service of process to Benzer Pharmacy Holding at its last-known address via certified mail, return receipt requested. *Id.*, ¶ 19. The service was delivered on October 4, 2024. *Id.*

On December 12, 2024,[1] McKesson filed an affidavit of compliance that described its efforts to locate and serve Benzer Pharmacy Holding's registered agent before resorting to substituted service. Doc. 40. As further described at

---

[1] The Florida statutes provide that that the affidavit of service "must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows." Fla. Stat. § 48.161(2). Here, McKesson filed it within the additional time allowed by the Court. *See* Doc. 35.

a hearing, those efforts included searching the Florida Secretary of State, Division of Corporations records, Accurint, and social media sites, including LinkedIn, for Kacey Whitlock, with no success in finding an alternate address. *See* Doc. 43.

I find that McKesson made a "diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service," reasonably employed its own knowledge to attempt service, and made an appropriate number of attempts to serve Benzer Pharmacy Holding. *See* Fla. Stat. § 48.161(4). Because McKesson exercised due diligence, and because the Court has personal jurisdiction over Benzer Pharmacy Holding, McKesson was permitted to serve Benzer Pharmacy Holding via the Secretary of State, pursuant to Section 48.161. Fla. Stat. § 48.161(3). McKesson effectively did so by sending the Secretary of State the summons and complaint, sending proof of service to Benzer Pharmacy Holding at its last known mailing address, and by timely filing with the Court an affidavit of compliance that sets forth the efforts that McKesson undertook to locate and effectuate personal service on Benzer Pharmacy Holding before resorting to substituted service. *See* § 48.161. Accordingly, I find Plaintiff properly effected service on Benzer Pharmacy Holding by serving the Florida Secretary of State on September 26, 2024.

Benzer Pharmacy Holding had until October 17, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). Benzer Pharmacy Holding has not answered the Complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. And, Plaintiff moved for entry of Clerk's Default after being directed to do so by the Court. *See* Doc. 41.

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 41) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant Benzer Pharmacy Holding, LLC.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on December 27, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge