UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MCKESSON CORPORATION**,

Plaintiff,

v.                                                    Case No. 8:24-cv-1398-WFJ-NHA

**BENZER OH 7 LLC**, **BENZER PHARMACY HOLDING LLC**, **ALPESH PATEL**, **MANISH PATEL**, and **HEMA PATEL**,

Defendants.

_____/

## ORDER

Before the Court is Plaintiff McKesson Corporation's Motion for Default Judgment against Defendant Benzer Pharmacy Holding LLC ("Benzer Pharmacy"), Dkt. 46. A Declaration of Plaintiff's Senior Credit Manager, Richard Call, is filed in support of Plaintiff's Motion, Dkt. 32. Upon careful consideration of the allegations in the Complaint and Plaintiff's filings, Plaintiff's Motion is granted.

## BACKGROUND

The Defendants in this action are subject to separate Motions for Default Judgment. Benzer OH 7, Alpesh Patel, and Manish Patel are the subject of one Motion at Dkt. 31. Hema Patel is excluded because the Clerk did not enter default

1

against her due to lack of personal jurisdiction. *See* Dkt. 21 at 6–7. As to Benzer Pharmacy, the Clerk entered default separately after proper service of process was confirmed. *See generally* Dkts. 44, 45. Accordingly, the Court addresses this separate Motion for Default Judgment against Benzer Pharmacy.

Benzer Pharmacy, together with its affiliates and subsidiaries that include Benzer OH 7, operated a pharmacy chain. Dkt. 46 at 2. Through this network, Benzer Pharmacy sold prescription and over-the-counter drugs at physical and online locations. *Id.* Benzer Pharmacy arranged for the acquisition of prescription drugs from various distributors. *Id.* at 3. To obtain these prescription drugs, Benzer Pharmacy and Benzer OH 7 entered into business arrangements with McKesson. *Id.* Benzer OH 7 completed McKesson's customer application in May 2018. *Id.*

In January 2019, Benzer OH 7 executed and delivered to McKesson a negotiable promissory note for $298,960. *Id.* The promissory note obligated Benzer OH 7 to pay eighty-three consecutive monthly installments of $3,559.04 beginning February 1, 2019, with one final installment of $3,559.68 on January 1, 2026. *Id.* at 4.

The other Defendants in this action are guarantors of Benzer OH 7's obligation to McKesson. Pertinent to this Motion, in July 2019, Benzer Pharmacy executed and delivered to McKesson the guaranty through which it guaranteed the

repayment of the obligations for seventy-three affiliated entities, including Benzer OH 7. *Id.* at 3–4.

Benzer OH 7 defaulted on its obligation beginning December 1, 2023, by failing to pay amounts due. *Id.* at 5. Pursuant to Benzer OH 7's default, McKesson made a demand for payment in February 2024 that went unanswered by Benzer OH 7 and the guarantors. *Id.* In April 2024, McKesson accelerated all principal and interest to be immediately due and payable. *Id.* Neither Benzer OH 7 nor the guarantors paid the balance. *Id.* at 5–6. Consequently, McKesson filed this action in June 2024. *See generally* Dkt. 1. Proper service of process was made on Defendants, but none have ever appeared. *See generally* Dkts. 21, 29, 44. Clerk's default has been entered as to each Defendant except Hema Patel. *See generally* Dkts. 22, 23, 30, 45.

As of December 27, 2024, McKesson moved for entry of final judgment against Benzer Pharmacy in the amount of $89,140.18. Dkt. 46 at 9. $79,764.35 of that amount is outstanding principal on the note. *Id.* at 6. The remainder of that amount is interest at the Wall Street Journal prime rate plus two percent, pursuant to the terms of the note. *Id.*; Dkt. 32-1 at 17. Plaintiff is entitled to default judgment in the amount of $90,031.01, as will be explained in the damages subsection below.

3

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, the plaintiff may apply to the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b).

Before granting a motion for default judgment, the Court must ensure that it has jurisdiction over the subject matter and the parties. *Vigil v. Primaso, Inc.*, No. 8:18-cv-1710-T-60CPT, 2020 WL 1976979, at *1 (M.D. Fla. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1974232.

Once jurisdiction is established, the Court considers whether the allegations in the complaint can establish liability. "The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages." *Whole Space Indus., Ltd. v. Gulfcoast Int'l Products, Inc.*, No. 2:09-cv-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citation omitted). So, the entry of a default establishes liability if it is well-pleaded. *Id.*; *see Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Finally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default[.]" *Whole Space*, 2009 WL 2151309, at *3. Instead, "the Court determines

the amount and character of damages to be awarded." *Id.* Damages can be awarded without an evidentiary hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

## DISCUSSION

Plaintiff's filings have established the Court's jurisdiction, Benzer Pharmacy's liability, and the amount of damages Plaintiff may recover.

### I.     Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which provides for diversity jurisdiction when the matter in controversy exceeds $75,000 and exists between citizens of different states. A corporation is a citizen of every state by which it has been incorporated and where it has its principal place of business. § 1332(c). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

In its Complaint, McKesson demanded *inter alia* $79,764.35 for outstanding principal on the note, exceeding the $75,000 threshold jurisdictional requirement. Dkt. 1 at 7; 28 U.S.C. § 1332(a). Regarding citizenship, Plaintiff McKesson is a Delaware corporation with its principal place of business in Texas. Dkt. 1 at 2. Benzer OH 7 is an Ohio LLC whose members are citizens of Florida or Michigan.

*Id.* Benzer Pharmacy is a Florida LLC whose members are citizens of Florida or Michigan. *Id.* Alpesh Patel is a natural person domiciled in Florida, and Manish Patel and Hema Patel are natural persons domiciled in Michigan. *Id.* at 2–3. Citizenship is thus completely diverse between McKesson and Defendants such that this Court has subject matter jurisdiction. 28 U.S.C. § 1332.

The Court is also satisfied of its personal jurisdiction over Benzer Pharmacy. As discussed *supra*, an LLC "is a citizen of any state of which a member of the company is a citizen." *See Organizacion Miss America Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017) (citation and internal quotation marks omitted) (considering citizenship of member of defendant LLC in determining personal jurisdiction over LLC). Moreover, "[a] defendant who is engaged in substantial and not isolated activity within [Florida], whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of [Florida], whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Courts of Florida also have jurisdiction over a person "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." § 48.193(1)(a)(1).

Benzer Pharmacy is a Florida LLC headquartered in Tampa whose members are allegedly citizens of Florida or Michigan. Dkt. 1 at 2–3. It is thus comprised of Floridian members, and/or engaged in business activity in Florida, with an office in

6

Florida, such that it is subject to the personal jurisdiction of this Court. *See Urquidi*, 712 F. App'x at 948; §§ 48.193(1)(a)(1), (2).

## II. Liability

McKesson brings a breach of guaranty count against Benzer Pharmacy, which is treated as a breach of contract claim. *See Swan Landing Dev., LLC v. Fla. Cap. Bank, N.A.*, 19 So. 3d 1068, 1072 (Fla. 2d DCA 2009) ("The counts asserting claims under the note and guaranty are breach of contract counts[.]"). The elements for a breach of contract claim in Florida are "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

The allegations in the Complaint establish that a valid guaranty exists. Paragraph thirty-two provides that "on or about July 3, 2019, Benzer Pharmacy Holding LLC executed and delivered to McKesson a Guaranty through which Benzer Pharmacy Holding LLC guaranteed the unconditional repayment of the obligations to McKesson for 73 affiliated entities, including Benzer OH." Dkt. 1 at 6. A copy of the guaranty is attached to the Complaint as Exhibit E. Dkt. 1-6 at 2–5. Moreover, the Complaint establishes the promissory note on which Benzer OH 7 defaulted and for which guarantor Benzer Pharmacy owes Plaintiff payment. Paragraph eighteen provides that "[o]n or about January 3, 2019, in Tampa, Florida, Defendant Benzer OH executed and delivered to McKesson a Negotiable

Promissory Note (Variable-Rate/Secured) in the amount of $298,960.00." Dkt. 1 at 4. The note is attached to the Complaint as Exhibit B. Dkt. 1-3 at 2. Benzer Pharmacy is thus party to a valid guaranty.

The Complaint also establishes a material breach of the guaranty. Benzer OH 7 stopped making payments on the promissory note on December 1, 2023. Dkt. 1 ¶ 36. McKesson demanded payment from Benzer OH 7 and guarantor Benzer Pharmacy in February 2024. *Id.* ¶ 37. A copy of this letter is attached to the Complaint as Exhibit C. Dkt. 1-4 at 2–3. To date, Benzer Pharmacy has allegedly failed to pay the amounts due to Plaintiff pursuant to the guaranty. Dkt. 1 ¶ 38. As failure to make payments pursuant to a guaranty constitutes a material breach, the allegations in the Complaint establish this element. *See, e.g.*, *FTF Lending, LLC v. Prestige Realty Consultants, Inc.*, No. 6:22-cv-2038-RBD-LHP, 2024 WL 4805295, at *5–6 (M.D. Fla. June 6, 2024) (finding defendant materially breached guaranty by not paying amounts owed; entering default judgment), *report and recommendation adopted*, 2024 WL 4805195; *Branch Banking & Trust Co. v. Recon Test Equip., Inc.*, No. 6:19-cv-624-Orl-78LRH, 2020 WL 11303316, at *3–4 (M.D. Fla. Apr. 27, 2020) (same), *report and recommendation adopted*, 2020 WL 11303313.

Finally, the allegations in the Complaint establish damages. Paragraph thirty-nine states that "[a]s of April 12, 2024, Benzer OH owes McKesson $79,764.35, in

principal, together with interest, late charges, attorneys' fees and other costs and expenses that continue to accrue." Dkt. 1 at 7. By virtue of the guaranty, McKesson demands judgment against Benzer Pharmacy in the same amount. *Id.* Every element of the breach of guaranty claim against Benzer Pharmacy is thus well-pleaded; the allegations in the complaint establish liability. *See Whole Space*, 2009 WL 2151309, at *3; *Buchanan*, 820 F.2d at 361.

### III. Damages

The amount of damages to which Plaintiff is entitled is capable of calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). Per the sworn Declaration of Plaintiff's Senior Credit Manager, Richard Call, $79,764.35 is due in principal under the note, plus interest pursuant to the terms of the note. Dkt. 32-1 at 9. The note provides for interest on the unpaid principal in the sum of the Wall Street Journal prime rate plus two percent. *Id.* at 17 ¶ 1. The Wall Street Journal prime rate fluctuates, so the table below sets out the interest that has accrued per the varying rates[1]:

| Date Range | WSJ Prime Rate | Principal × (WSJ Prime Rate + 2%) ÷ 365 × Number of days elapsed | Interest |
|---|---|---|---|
| 11/1/2023-9/18/2024 | 8.50% | $79,764.35 × (0.0850 + 0.02) ÷ 365 × 322 | $7,388.58 |

---

[1] HSH, https://www.hsh.com/indices/prime-rate.html (last visited Jan. 31, 2025) (providing history of Wall Street Journal prime rates).

9

| | | | |
|---|---|---|---|
| 9/19/2024-11/7/2024 | 8.00% | $79,764.35 × (0.0800 + 0.02) ÷ 365 × 49 | $1,070.81 |
| 11/8/2024-12/18/2024 | 7.75% | $79,764.35 × (0.0775 + 0.02) ÷ 365 × 40 | $852.28 |
| 12/19/2024-2/3/2025 | 7.50% | $79,764.35 × (0.0750 + 0.02) ÷ 365 × 46 | $954.99 |

The total interest that has accrued as of the date of this judgment is thus $10,266.66. Together with the principal, McKesson is entitled to damages in the amount of $90,031.01.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

(1) McKesson Corporation's Motion for Default Judgment against Benzer Pharmacy Holding LLC, Dkt. 46, is **GRANTED**.

(2) Default judgment is entered in favor of McKesson Corporation against Benzer Pharmacy Holding LLC in the amount of $90,031.01, plus post-judgment interest. Notwithstanding the separate Motions for Default Judgment and consequent separate Default Judgments in this case, there is one underlying debt. Any recovery from one Defendant will reduce the outstanding judgment as to the others until such time as this judgment, $90,031.01 plus post-judgment interest, has been satisfied in full.

(3) The Clerk is directed to enter final default judgment in favor of McKesson Corporation against Benzer Pharmacy Holding LLC in accordance with paragraph two of this conclusion.

**DONE** and **ORDERED** in Tampa, Florida, on February 3, 2025.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record